No. 43,151

MASSEY-FERGUSON, INC., *Appellee,* v. VERTIE E. BOLYARD, *Appellant.*

(380 P. 2d 323)

Opin-
ion filed April 6, 1963.

*Fred Rueb,* of St. Francis, was on the brief for the appellant.

*Selby S. Soward,* of Goodland, argued the cause, and *Max Jones,* of Good-
land, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover the purchase price of a piece of farm machinery. Judgment was for plaintiff and defendant has appealed.

On February 17, 1960, defendant Bolyard entered into a written contract with the Davis Implement Company of Goodland for the purchase of a Massey Harris sixteen-foot combine bearing serial number 158317. By the terms of the contract he was to be allowed a credit for certain pieces of machinery on a "trade-in." After allowing this credit the balance of the purchase price was $6,058, which was to be paid in three installments, on August 15, 1960, 1961 and 1962. The combine was to be delivered to defendant in the spring of 1960. Davis had on hand a number of like combines. Davis assigned the purchase contract to Massey-Ferguson, Inc., the plaintiff herein. In the spring of 1960, when Davis was getting ready to make delivery to defendant, it was discovered that the particular combine bearing serial number 158317 had a cracked block, and so delivery was made to defendant of an identical combine but which bore the serial number 157856.

In cross-checking inventories and serial numbers in sales contracts assigned to it, plaintiff company discovered the discrepancy in serial numbers—that is to say, it discovered that it held by assignment from Davis the sales contract executed by defendant covering a combine bearing serial number 158317, when in truth and in fact an identical combine bearing serial number 157856 had been de-

livered by Davis to defendant. Plaintiff wrote to defendant apprising him of this discrepancy and suggested that he go to Davis and execute a new contract containing the serial number of the combine actually delivered to him. Defendant followed this suggestion and a corrected contract was executed and subsequently assigned by Davis to plaintiff.

Notwithstanding that defendant used the combine delivered to him in the crop years of 1960 and 1961 he failed and refused to make any of the payments due under the contract of sale. As a result plaintiff brought suit to recover the full amount due.

The case was tried before a jury which returned a verdict for plaintiff and ten special findings. These findings will not be set out, but they were consistent with each other and with the general verdict. Judgment was entered on the verdict and special findings, and defendant has appealed.

No new or novel questions are presented by this case. The amount due under the contract is not in dispute. Nothing would be gained by encumbering our reports with a detailed discussion of the evidence and the contentions of the parties. From the argument made it appears that defendant is contending that he purchased a "serial number" rather than a *combine*. There is no merit to the contention. The evidence established that for the reason heretofore stated an identical combine was delivered to defendant; that the "discrepancy" in the matter of the serial numbers was fully explained to him; that he signed a corrected contract; that no fraud or concealment was in any way involved in the transactions; that notwithstanding all of this he used the combine during two crop years and was wholly in default of payment—and the jury so found.

We find no error in the record and the judgment is affirmed.